HERBOTH MERCANTILE COMPANY, Appellant, v. JAMES A. MARRE et al., Defendants; D. I. NEUDORF, Garnishee, Respondent.

St. Louis Court of Appeals, April 12, 1898.

1. **Attachment**: GARNISHMENT: ANSWER OF GARNISHEE. Where the answer of a garnishee is exceedingly indefinite, and furnishes no date upon which to base a judgment, the finding of the court should be for garnishee.

2. ———— : ————: CONSTRUCTION OF STATUTE. Where the answer of a.
garnishee is vague and indefinite the plaintiff should except to it for
insufficiency under section 5233, Revised Statutes 1889.

*Appeal from the St. Louis City Circuit Court.*—HON.
SELDON P. SPENCER, Judge.

AFFIRMED.

C. S. BROADHEAD for appellant.

It appears from the answer of the garnishee that
the resort known as Forest Park Highlands was owned
and conducted by A. Vallessario and John Marre; that
a certain policy of insurance was issued about May 25,
1896, insuring the buildings thereon payable to James
Marre, trustee, and that the policy was subsequently
turned over to Neudorf for the benefit of James Marre.
The answer further avers that Vallessario and John
Marre, constituting the firm doing business as Forest
Park Highlands made a general assignment to D. I.
Neudorf and that Neudorf recovered on the policy by
compromise $1,496.50 which he holds. It does not
appear that the assignment divested out of James
Marre the right to the policy or the proceeds thereof
and as no divestment of the interest of James Marre
in the policy was had and the cause having been sub-
mitted on the answer it must be that James Marre was
the sole beneficiary of the policy, that the assignment
of Vallessario and John Marre was ineffectual to con-
vey to Neudorf the benefits arising under the loss
admitted, and that so far as the answer is concerned
the amount received by Neudorf, viz., $1,496.50, for
all that appears in the answer and from all that appears
therein, belongs to said James Marre. By these pro-
ceedings we have attached the interest of James Marre
and our contention is that the admitted amount in the

hands of Neudorf is subject to our attachment. No difficulty would ever have arisen in this matter except for the fact that D. I. Neudorf who held the policy and collected the proceeds for James Marre, and who was garnished because he held this property of James Marre, was, before his answer was filed, made assignee by the Forest Park Highlands Company, to whom the policy was originally issued.

J. G. & WM. F. WOERNER for respondent.

There being no denial of the answer, but, on the contrary, plaintiff relying solely thereon for judgment, of course the judgment of the lower court was correct, unless it affirmatively appears from such answer that the garnishee was individually indebted to the defendants. Walker v. Fairbanks, 55 Mo. App. 478, 480, and cases cited. A careful examination of the answer shows that Neudorf as an individual (he is garnished as such only) has no funds in his hands belonging to the debtors of plaintiff and never did have. Two conclusive reasons must bring the court to such a conclusion. *First.* Keeping in mind the dual capacity in which Neudorf was acting, viz.: individually (in which capacity only he is before the court) and as assignee for creditors of Forest Park Highlands; and then considering the source, method and manner from and by which he obtained the $1,498.50, it must appear that the money is in his hands as the representative of the creditors of said assigned estate and therefore not owing to either of the original defendants. The fund was the result of a compromise, or rather, a release, by which the assignee, as assignee, released whatever claim the assigned estate might have had against the insurance company on this policy. The money paid represents what the insurance company thought it was

worth to it to buy off any possible claim Neudorf, as assignee, might have. It became assets of the assignment in its very creation and belongs to the creditors of that estate. For aught that there is in the answer, the liability is still contingent, or the advances were repaid to Marre by Marre, trustee, so as to release the securities altogether. And in this proceeding we think the facts alleged in the answer, fairly show that there is a vast difference between "Marre" and "Marre, trustee." He was probably "trustee" for the parties who put up the money originally, and when he himself also made advances to himself as "trustee"—thereby becoming himself a creditor—it was quite natural that the policy was then turned over to another as collateral, to hold for him and their benefit so as to avoid confusion of interests. At all events the burden lies on appellant to show that the garnishee is individually indebted to the plaintiff's debtors; if the answer is not clear or definite he should have taken the proper remedy to make it so. No such effect can be given to the answer upon which plaintiff solely relied for a judgment. The judgment of the court was clearly right and should be affirmed.

BIGGS, J.—On the fifth day of June, 1896, the plaintiff instituted an attachment suit in the circuit court against James A. Marre, John Marre and Antonio Valessario, to recover the sum of $566.13. The defendants were personally served with notice of the suit and D. I. Neudorf was summoned as garnishee. Neudorf made the following answer to the interrogatories filed by the plaintiff:

"Now comes D. I. Neudorf, defendant garnishee in the entitled cause, and in answer to the interrogatories propounded by plaintiff, states that he was summoned as garnishee on June 5th, 1896; that he has no property

of any kind belonging to the defendants or either of them, and is not indebted in any way, shape, form or manner to defendants or either of them, except as below stated; that a certain policy of insurance against wind-storms and cyclones was executed about May 25th, 1896, to insure certain buildings at a summer resort known as 'Forest Park Highlands' (conducted by the firm hereinafter named) in favor of Antonio Vallessario and John Marre, lessees, loss, if any, payable to James A. Marre, trustee, which policy was turned over and assigned to D. Ind. Neudorf, about same time, to hold same for the benefit of James A. Marre, to secure advancements that said Marre had made, as this garnishee was informed and believed; what interest each of said three parties, Valessario, John Marre and James Marre possessed therein the defendant garnishee has not sufficient information to say; that on May 27th, 1896, there was a loss on said policy; that Antonio Valessario and John Marre, who this defendant is informed and so avers constituted the sole partners of a firm doing business under the name of 'Forest Park Highlands' made a general assignment for the benefit of creditors to D. I. Neudorf, who qualified as such and is still acting as such, in the inventory of which assignment he included among the assets the said unliquidated claim for said loss; that he thereafter under the sanction of the court recovered by compromise, the sum of $1,498.50 which he holds as such assignee and has accounted for as such. Wherefore defendant submits to the court whether he is indebted to either of defendants, and, having fully answered asks for a reasonable allowance for his cost and attorneys fees."

*ANSWER of garnishee.*

The matter was submitted to the court on the foregoing answer and the finding was for Neudorf. The

JUDGMENT.

plaintiff has appealed. It contends that under the answer it was entitled to a judgment against the garnishee for the amount of its debt. The answer of the garnishee is exceedingly indefinite and unsatisfactory. The plaintiff ought to have excepted to it for insufficiency (R. S. 1889, sec. 5233). It appears from the answer that the loss under the policy occurred prior to the institution of plaintiff's suit; that soon thereafter John Marre and Antonio Valessario, who were the owners of the insured property, made a general assignment and Neudorf was appointed assignee, and that as such assignee he collected from the insurance company $1,498.50.

It is also stated that prior to the loss the policy of insurance was assigned to Neudorf as trustee to secure James A. Marre in advancements made by him to John Marre and Valessario, but the amount of these advancements is nowhere stated. It will also be observed that the date of the general assignment is not given. It is clear that if the general assignment antedated the attachment, that portion of the insurance money which rightfully belonged to the assigned estate was not subject to garnishment, as there is no pretense that the general assignment to Neudorf was fraudulent. But how was the circuit court to determine that question of fact? Again, it may be conceded that the money in the hands of Neudorf to the extent of the advancements made by James A. Marre, was subject to plaintiff's garnishment. The difficulty is that there is no evidence as to the amounts advanced, or that they had not been repaid. It is obvious that there is no data in this record upon which the circuit court could have constructed a judgment for the plaintiff. It could not do otherwise than dismiss the proceeding.

With the concurrence of the other judges the judgment of the circuit court will be affirmed. It is so ordered. All concur.